UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD L. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-0862 (RBW) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the Defendant's Motion for Summary Judgment [ECF No. 12]. The motion is unopposed, and for the reasons stated below, it will be granted.

The plaintiff submitted to the Federal Bureau of Prisons ("BOP") a document titled "Request for Production of Documents Under Federal Rule of Civil Procedure 34." *See* Defendant's Memorandum of Points and Authorities in Support of its Summary Judgment Motion ("Def.'s Mem."), Declaration of Paralegal Donna Johnson ("Johnson Decl."), Exhibit ("Ex.") A. He sought, among other records, a copy of his inmate central file. *Id.*, Johnson Decl. ¶ 2. The BOP treated his request as one under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, assigned it a tracking number (FOIA/PA Request Number 2014-04744), and sent the plaintiff a written acknowledgment of its receipt. *Id.*, Johnson Decl. ¶¶ 3-4 & Ex. B.

When the plaintiff submitted his FOIA request, he was incarcerated at the Federal Correctional Institution in Elkton, Ohio ("FCI Elkton"). The plaintiff's case manager at FCI Elkton located the central file and forwarded it to the BOP's Northeast Regional Office ("NERO") for processing. *Id.*, Johnson Decl. ¶ 4 & Ex. C.

NERO staff estimated that fees for processing the plaintiff's request, specifically for photocopies, totaled $16.20.  *Id*., Johnson Decl. ¶ 5.  The plaintiff was advised in writing of the estimated fees by letter dated July 7, 2014, and further was advised that the BOP would release the responsive records only after he paid the fees.  *See id*., Johnson Decl., Ex. D.  The plaintiff "was released from imprisonment from FCI Elkton on July 29, 2014," however.  *Id*., Johnson Decl. ¶ 5.  Since then, the BOP neither has received correspondence from the plaintiff, nor payment of the assessed fees, nor a request for wavier of the fees.  *Id*., Johnson Decl. ¶ 5.

On October 9, 2014, the Court issued an Order [ECF No. 13] advising the plaintiff of his obligations under the Federal Rules of Civil Procedure and the local rules of this Court to respond to the defendant's motion.  Specifically, the Court warned the plaintiff that if he failed to file an opposition to the motion by November 10, 2014, the motion would be treated as conceded.  To date, the plaintiff has neither filed an opposition to the motion nor requested an extension of time to do so.  Therefore, for purposes of this Memorandum Opinion, the above facts are deemed admitted.  *See* LCvR 7(h)(1) ("In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues . . . .").

Although the Court may treat the defendant's unopposed motion as conceded, *see* LCvR 7(b), summary judgment is warranted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Alexander v. FBI*, 691 F. Supp. 2d 182, 193 (D.D.C. 2010) ("[E]ven where a summary judgment motion is unopposed, it is only properly granted when the movant has met its burden.").  Here, the defendant has met its burden.

"Exhaustion of administrative remedies is generally required before seeking judicial review" under FOIA, *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam), and "[e]xhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees," *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 66 (D.C. Cir. 1990). Here, the defendant has demonstrated that the plaintiff failed to pay the assessed fees and thus failed to exhaust his administrative remedies before filing this lawsuit. Based on this showing and absent any opposition from the plaintiff, the Court will grant summary judgment in the defendant's favor. An Order is issued separately.

/s/
REGGIE B. WALTON
United States District Judge